43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Albert BOOTH, Defendant-Appellant.
 No. 94-1111.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1994.
 
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; and JOINER,* District Judge.
 PER CURIAM.
 
 
 1
 Defendant Arthur Albert Booth appeals the district court's order denying his motion filed pursuant to 28 U.S.C. Sec. 2255 to set aside his conviction and sentence for filing false income tax returns. On appeal, defendant raises six issues, none of which were raised on direct appeal. The issues are (1) whether the jury instructions that defendant was presumed to know the law and that the government must prove that defendant knew his return was false were unconstitutional given the willfulness requirement of the tax crimes charged, (2) whether defendant was unconstitutionally deprived of his counsel of choice when the trial court permitted a substitution of counsel with defendant's consent, (3) whether the variations between the grand jury indictment and the evidence presented at trial constituted a constructive amendment of the indictment, (4) whether defendant received ineffective assistance of counsel at trial, (5) whether the government presented misleading evidence that a government witness automatically received immunity from criminal prosecution for her voluntary disclosure of information about defendant's tax code violation, and (6) whether the cumulative effect of the trial errors deprived defendant of his right to a fair trial.
 
 
 2
 On August 7, 1990, a grand jury issued a four-count indictment charging defendant Arthur Albert Booth with filing false personal, partnership, and corporate income tax returns for the tax years 1983 through 1985 in violation of 26 U.S.C. Sec. 7206(1). On January 15, 1991, the grand jury issued another indictment, charging defendant with five counts of filing false tax returns for the tax years 1984 and 1985. By stipulation and order, the two indictments were joined. Counts two through four of the original indictment were dismissed and the counts in the second indictment were renumbered as counts two through six. A jury trial began on April 8, 1991. On April 12, 1991, the jury convicted defendant on all six counts of filing false tax returns in violation of 26 U.S.C. Sec. 7206(1). The district court imposed a suspended sentence of imprisonment, four years probation, and community service hours, and ordered defendant to pay a $100,000 fine plus the costs of his prosecution. This court affirmed the judgment on direct appeal on February 13, 1992. On September 7, 1992, defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255, raising the same arguments he now makes on appeal. The district court denied the motion, rejecting defendant's claim that he received ineffective assistance of counsel and finding that he had not demonstrated the cause and actual prejudice required to explain his failure to raise his other claims at trial or on direct appeal. This timely appeal followed.
 
 
 3
 Upon consideration of the record on appeal and the briefs of the parties, and after oral argument, we are not persuaded that the district court erred in denying defendant's motion pursuant to 28 U.S.C. Sec. 2255. As the reasons why judgment should be entered for the government have been articulated by the district court, the issuance of a full written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is AFFIRMED upon the reasoning set out by the district court in its memorandum opinion dated December 16, 1993.
 
 
 
 *
 Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation